United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE STEELE, INC,,<br>Plaintiff,<br>v.<br>LINDA ANN HENDERSON,<br>Defendant. | Case No. 17-cv-02179-RS (DMR)<br>**ORDER GRANTING PLAINTIFF JESSIE STEELE, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY**<br>Re: Dkt. No. 20 |

Plaintiff Jessie Steele, Inc. ("Plaintiff") moves the court pursuant to Federal Rule of Civil Procedure 26(d) for leave to take discovery prior to the Rule 26 conference. Plaintiff seeks information to support its request for damages as part of a motion for default judgment it intends to file against Defendant Linda Ann Henderson ("Defendant"). [Docket No. 20]. Specifically, Plaintiff requests permission to issue early subpoenas to PayPal, Inc. ("PayPal") and Amazon, Inc. ("Amazon") to obtain information and documents regarding Defendant's sales of Plaintiff's trademarked and copyrighted products to consumers on Amazon and e-Bay.com ("eBay"). On July 28, 2017, the Honorable Richard Seeborg referred this motion to the undersigned for resolution. [Docket No. 21]. This matter is appropriate for determination without oral argument. *See* Civ. L.R. 7-1(b). For the reasons contained herein, the court **GRANTS** Plaintiff's motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a global distributor of aprons, garments, bags, totes, stationary, accessories, kitchenware, and kitchen textiles. Compl., ¶ 11 [Docket No. 1]. Plaintiff sells its product under the registered trademarks JESSIE STEELE®, CANDY BAKER®, FEARLESSLY FEMININE®, and BRING HAPPY HOME®. *Id*., ¶¶ 14(a) through (f). Plaintiff also has numerous registered copyrights for the pattern and designs featured on its products. *Id*., ¶ 15. Specifically, Plaintiff has registered copyrights on the following designs: Pink Cottage Rose; Green/White Damask;

1  Easter Egg Ribbon; Paris Boutique; Parisian Toile; Vintage Kitchen; Blue Cherry Cupcakes;
2  Cupcake Placement Print; Kitchen Cherry Placement Print; Anchors; Kitchen Cherry; and Navy
3  French Toile. Compl., ¶ 15.

Defendant imports counterfeit JESSIE STEELE®, FEARLESSLY FEMININE®, and BRING HAPPY HOME® products from China into the United States and resells these counterfeit products in the United States. *Id.*, ¶ 18. Defendant has registered accounts on eBay and Amazon through which she advertises and sells the counterfeit products using Plaintiff's registered trademarks and registered copyrighted materials. *Id.*, ¶¶ 20-21. Defendant facilitates the processing of payments received for the counterfeit products through eBay via PayPal's payment processing services. *Id.*, ¶ 20.

Plaintiff alleges that Defendant sold at least three counterfeit JESSIE STEELE® aprons on eBay and Amazon. *Id.*, ¶¶ 22-25. On November 29, 2016, Plaintiff authorized the purchase of a "Jessie Steele Floral Courtney Cherry Kitchen Apron - Women's Mother/Daughter," as advertised for sale by Defendant on eBay under the eBay seller ID "lindaannsvariete" for $19.99. *Id.*, ¶ 23. On December 20, 2016, Plaintiff authorized the purchase of a "Jessie Steele Café Josephine Toile Retro Kitchen Apron," as advertised for sale by Defendant on eBay under the "lindaannsvariete" eBay seller ID for $20.99. *Id.*, ¶ 24; Vener Decl., ¶ 2 [Docket No. 20-1]; PayPal transaction receipt for December 20, 2016 eBay sale (Ex. A to Vener Decl.) [Docket No. 20-2]. On December 27, 2016, Plaintiff authorized the purchase of a "Jessie Steele Parisian Toile Bib Josephine Apron," as advertised for sale by Defendant on Amazon.com under the Amazon seller ID "Linda Anne's Variete" for $23.99. Compl., ¶ 22; Vener Decl., ¶ 3; Amazon transaction receipt for December 27, 2016 Amazon sale (Ex. B to Vener Decl.) [Docket No. 20-3]. Upon inspection, all three aprons purchased and received from Defendant under the "lindaannsvariete" eBay seller ID and "Linda Anne's Variete" Amazon seller ID were counterfeit. Compl., ¶ 25.

On April 19, 2017, Plaintiff filed this action against Defendant, alleging violations of the Latham Act, the Copyright Act, and California Business & Professions Code § 17200. Compl. On April 29, 2017, Plaintiff served Defendant with the summons and complaint. *See* Proof of Service of Summons [Docket No. 15]; Vener Decl., ¶ 5. Defendant did not file a responsive

pleading by the applicable deadline. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer or responsive pleading within 21 days of service of the summons and complaint). On June 28, 2017, pursuant to Plaintiff's request, the Clerk entered default against Defendant. *See* Mot. for Entry of Default [Docket No. 16]; Clerk's Entry of Default [Docket No. 17].

Plaintiff thereafter filed the instant motion for early discovery seeking documents from PayPal and Amazon regarding Defendant's sales of JESSIE STEELE®, FEARLESSLY FEMININE®, and BRING HAPPY HOME® products under her "lindaannsvariete" eBay seller ID and her Amazon "Linda Anne's Variete" seller ID. Plaintiff also requests the same information for other accounts held by Defendant or Defendant's aliases that are presently unknown to Plaintiff. Plaintiff contends that expedited discovery is necessary because it has been unable to hold the Rule 26(f) conference and initiate discovery as Defendant has failed to appear. Plaintiff asserts that the only way that it can obtain discovery regarding damages to support its motion for default judgment is through issuance of subpoenas to eBay and Amazon.

## II. DISCUSSION

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). The plaintiff must demonstrate good cause for early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. Courts have applied the "good cause" standard to requests for early discovery where a defendant is in default. *See e.g., Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-CV-00335-LJO-SKO, 2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010) (granting request for early discovery of the defendant, where the defendant was in default); *Antoine v. Boutte*, No. CV 15-561-JWD-EWD, 2016 WL 6138252, at *3-4 (M.D. La. Oct. 20, 2016) (granting request for early discovery of third-parties for damages information relevant to a motion for default judgment).

Having considered the motion as well as the record in this case, the court finds that

3

1 Plaintiff has established good cause to engage in limited early discovery directed to PayPal and
2 Amazon to obtain information regarding Defendant's sales of counterfeit JESSIE STEELE®,
3 FEARLESSLY FEMININE®, and BRING HAPPY HOME® products. By failing to appear,
4 Defendant effectively has prevented Plaintiff from conducting a Rule 26(f) conference and
5 initiating discovery. Plaintiff therefore has no option for obtaining damages information other
6 than to issue subpoenas to PayPal and Amazon for Defendant's sales information. Permitting
7 early discovery would move the case forward, as Plaintiff's only remaining course of action is to
8 seek a default judgment. *Semitool*, 208 F.R.D. at 277 (permitting early discovery in a patent
9 infringement case where it would "substantially contribute to moving the case forward").

Additionally, Plaintiff's proposed discovery appears to be narrowly tailored and limited to the issue of damages. According to Plaintiff, the proposed subpoenas seek registration and contact information for Defendant's eBay and PayPay IDs ("lindaannsvariete," "lindaann253@hotmail," and "lindaannsqg@yahoo.com") and Defendant's Amazon seller ID ("Linda Anne's Variete"), and information and documents relating to Defendant's sales of JESSIE STEELE®, FEARLESSLY FEMININE®, and BRING HAPPY HOME® products including quantity, type, date of sale, price at sale, and costs associated with each sales transaction. *See* Proposed Order at 2 [Docket No. 20-4]. The proposed subpoenas also request that PayPal and Amazon produce the aforementioned information and documents for other accounts held by Defendant or Defendant's aliases which are presently unknown to Plaintiff. *Id*.

To the extent that eBay or Amazon believes that the subpoenas are objectionable, they may move to quash the subpoenas pursuant to Rule 45. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden.").

In light of the foregoing and in consideration of the administration of justice, the court finds that Plaintiff has established good cause for the limited early discovery that it seeks.

### III. CONCLUSION

In conclusion, the court grants Plaintiff's motion for early discovery. Plaintiff may serve subpoenas on Amazon and PayPal that are consistent with this order. Plaintiff shall serve a copy

4

of this order on PayPal and Amazon along with service of the subpoenas.

**IT IS SO ORDERED.**

Dated: September 1, 2017



Donna M. Ryu
United States Magistrate Judge